**TRAILER TRAIN COMPANY, a corporation, Railbox Company, a corporation, and Railgon Company, a corporation, Plaintiffs,**

v.

**STATE BOARD OF EQUALIZATION, Defendant.**

No. C–81–4365 SW.

United States District Court, N. D. California.

Jan. 15, 1982.

**510**

George Deukmejian, Atty. Gen., State of Cal., Julian O. Standen, Deputy Atty. Gen., San Francisco, Cal., for defendant State Board of Equalization.

Weyman I. Lundquist, Patricia L. Shanks, Noel M. Lawrence, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for plaintiffs Trailer Train Co., Railbox Co. and Railgon Co.

### ORDER DENYING MOTION FOR INJUNCTION

SPENCER WILLIAMS, District Judge.

This matter came on for a hearing on December 8, 1981 on the plaintiffs' motion for preliminary injunction. By this motion, the plaintiffs seek to enjoin the levy and collection of taxes on their rail transportation property which they allege are discriminatory. The plaintiffs contend that their transportation property is assessed in such a fashion that it constitutes discrimination when compared with the assessment on other commercial and industrial property in the same jurisdiction.

The court carefully considered the excellent briefs and arguments of counsel, the supporting materials and all other matters in the record. At the hearing, the court orally denied the plaintiffs' motion and held that there was no discriminatory taxation of railroads in violation of federal law. A brief statement of the reasons behind the court's ruling is set forth in the following discussion.

### FACTUAL BACKGROUND

Plaintiffs Trailer Train Company, Railbox Company and Railgon Company own

and operate railroad cars in California and are subject to taxation under the state's Private Railroad Car Tax Law, Cal.Rev. & Tax Code §§ 11201 to 11702.

In accordance with the provisions of the railroad car tax, the defendant, the California State Board of Equalization (the "Board"), annually assesses the plaintiffs' railroad cars at their full cash value as of the March 1 lien date. The Board then levies a tax on the assessment of the cars at the average rate of general property taxation in the state for the preceding year. Cal.Rev. & Tax Code § 11401.[1]

The facts which the plaintiffs contend support a finding of discriminatory taxation relate to the statutory exemptions available for "business inventories."[2] At the present time in California, business inventories are entirely exempt from property taxation.[3] The total value of all business inventory constituted a noticeable percentage of the total value of all commercial and industrial property before it was exempted from property taxation.[4] The state railroad car tax does not contain a similar exemption for business inventory.

## LEGAL STANDARDS

In seeking injunctive relief, the plaintiffs contend the defendant violated section 306 of the Railroad Revitalization and Reform Act of 1976 (the 4–R Act), 49 U.S.C. § 11503. Section 306(1)(a) provides that a state may not assess transportation property for property tax purposes "at a value which bears a higher ratio to the true market value of such transportation property than the ratio which the assessed value of

all other commercial and industrial property in the same assessment jurisdiction bears to the true market value of all such other commercial and industrial property."

The obvious intent of this section, as both parties concede, is to prevent discriminatory taxation of railroads. Using a catch-all provision expressly limited to taxation of common carriers, Congress also enacted section 306(1)(d) which prohibits "[t]he imposition of any tax which results in discriminatory treatment of a common carrier by Railroad subject to this part."

The two issues presented by this motion are (1) whether property which is exempted from property taxation may be considered "commercial and industrial property" under section 306(1)(a); and (2) whether the prohibition contained in section 306(1)(d) may be held to apply to anyone other than a common carrier when taxation on that party allegedly would impact on the common carrier itself. In denying the plaintiffs' request for injunctive relief, the court answered both these questions in the negative. Accordingly, the court holds that California's business inventory exemption does not violate the 4–R Act.

## DISCUSSION

The plaintiffs challenge the current assessment of their transportation property pursuant to an innovative theory. Specifically, the plaintiffs argue that since the state exempts business inventory from commercially taxed property, then transportation property, which receives no such exemption, is taxed discriminatorily. While this argument is imaginative, it is incorrect for two reasons.

1. For the 1981–82 tax year, the Board levied a tax of $1,523,832.00 against plaintiff Trailer Train based on an assessed value of $133,669,-515.00. The comparable figures for Railbox and Railgon are $456,928.24/$40,081,440.00 and $901.24/$79,056.00 respectively.

2. "Business inventories" includes "goods intended for sale or lease in the ordinary course of business and ... raw materials and work in process with respect to such goods ... animals and crops held primarily for sale or lease, or animals used in the production of food or fiber and feed for such animals...." Cal.Rev. & Tax.Code § 129.

3. Business inventory was taxed like other property until 1968 when a fifteen percent exemption was enacted. The exemption was increased over the years until 1980 when 100 percent of business inventory was exempted. (1979 Cal. Stat. Ch. 1150).

4. The parties disagree as to what percentage of the total value of all commercial and industrial property would be comprised of business inventory if such property were included within the definition contained in section 306(3)(c) of "commercial and industrial property." In light of this court's denial of injunctive relief, however, this issue need not be addressed.

■ First, comparison between the assessed value of the plaintiffs' transportation property and the combination of the assessed value of all commercial and industrial property plus a hypothetical assessment of exempted business inventory ignores the statutory definition of "commercial and industrial property."

Section 306(3)(c) defines "commercial and industrial property" as:

> ... all property, real or personal, other than transportation property and land used primarily for agricultural purposes or primarily for the purpose of growing timber, which is devoted to a commercial or industrial use *and which is subject to a property tax levy.*

(emphasis supplied)

In the present case, business inventories are not "commercial and industrial property" for purposes of comparison under the 4–R Act. The statutory definition of this term expressly requires that the property be "subject to a property tax levy" before it will be considered in the generic category. Clearly, if a type of property is "exempted" then it is not subject to such a levy and would not constitute any part of the aggregate property for comparison purposes.

The plaintiffs argue that the intent behind the limitation contained in the statutory definition was to exclude only the property of churches and charitable institutions, homesteads, and agricultural and timber producing land. Certainly if Congress had intended such a limitation it could have excluded such property from the definition in express language in section 306(3)(c) itself. In fact, however, that section excludes agricultural and timber producing land and it also expressly excludes *all* property which is not subjected to a property tax levy. The language of the statute is clear on its face and nothing in it indicates an intent to limit this final exclusion to charitable institutions.

■ Assuming *arguendo*, section 306(3)(c) somehow could be construed to include tax-exempt property as commercial or industrial property, the plaintiffs' argument fails for a second reason. There is absolutely no indication that the creation of an exemption for business inventory discriminates against transportation property. The ratio of the assessed value of commercial and industrial property to its true market value is exactly the same as that for transportation property. The state's treatment of business inventory does not reflect a differential treatment of taxpayers as to the assessment ratio or the applicable tax rate. At most, this case represents a case where an exemption is made available for a class of property which the plaintiffs do not own.[5]

This is not a case, as the plaintiffs suggest, where the state is attempting to perpetuate "backdoor" discrimination against transportation property by simply exempting commercial property from taxation. On the contrary, California has an independently valid purpose behind the business inventory exemption. The creation of this exemption was intended to eliminate the previously available incentive for a taxpayer to warehouse his inventory outside California on the lien date. The resulting exemption is neutral in application and is not directed against any particular class of taxpayer.

---

5. This case properly is classified as an "exemption discrimination" case. It appears, however, that the plaintiffs do not have any business inventory as their rail cars are leased goods not included within the statutory definition of inventory. *See note 2 supra.* To the extent, of course, that plaintiffs do have "business inventory" section 306 would seem to call for a similar tax exemption.

The present case is distinguishable from *Ogilvie v. State Board of Equalization*, 657 F.2d 204 (8th Cir. 1981). There the court truly was comparing discrimination of the same type.

The court held that the State Board could not include personal property and trade fixtures in the assessed value of railroad property where the same class of property was exempt for locally assessed businesses.

In this case, the comparison is between apples and oranges. It is impossible to compare the effect of an exemption of a class of property that the plaintiffs do not own. The plaintiffs' argument would be equivalent to a person with no taxable income arguing that the existence of a charitable deduction favors the rich.

The plaintiffs also advance the argument that the present assessment and tax levy on their property violate the general prohibition against discriminatory tax treatment of common carriers contained in section 306(1)(d). This contention is erroneous for two reasons.

First, as previously stated, the business inventory exemption does not discriminate against transportation property. Any discrimination, if it is present in this context, results from the disparate treatment of available tax exemptions as opposed to discrimination in the assessment ratio or tax rate.

Second, and more important, Congress expressly limited the applicability of section 306(1)(d) to discriminatory treatment of a "common carrier by railroad." In the present case, the plaintiffs concede that they are not common carriers by railroad. Therefore, the statutory prohibition does not apply to these plaintiffs.

The plaintiffs again try to escape the clear language of the statute stating that section 306(1)(d) embodies a broad purpose to protect all property "which is part of the entire operating unit of a common carrier by railroad." The plaintiffs further argue that the burden of a discriminatory tax on their property also will burden common carriers.

The unequivocal limitation contained in section 306(1)(d) amply refutes the plaintiffs' arguments in this regard. If Congress had intended to protect "the entire operating unit of common carriers" it could have done so by removing the restrictive language in this subsection. In fact, it is more probable that the limitation was included to prevent the application of such a general, catch-all provision to any situation other than one involving the common carrier directly. To whatever extent discrimination against railcar owners impacts on common carriers, the problem is well remedied by the other, more inclusive provisions contained in other portions of section 306.

CONCLUSION

By enacting the 4–R Act, Congress intended to prevent discriminatory treatment of transportation property. When there is evidence of such discrimination, this court has acted to enforce this Congressional policy.[6]

By this action, however, the plaintiffs seeks to add a gloss to certain provisions of the 4–R Act which Congress did not see fit to include. In this case, the language of the various subdivisions are plain and an involved probe into the conundrum of "congressional intent" is unnecessary.

Accordingly, IT IS HEREBY ORDERED that the plaintiffs' motion for preliminary injunction is denied.

---

**6.** *See, e.g., Trailer Train Co. v. State Board of* *Equalization,* 511 F.Supp. 553 (N.D.Cal.1981).